The defect in the judgment is such as could have been corrected on appeal under the provisions of art. 847 C.C.P. Judgments containing a similar defect were reformed on appeal in Slusser v. State, Tex.Cr.App., 232 S.W.2d 727, 732, and in Ellison v. State, Tex.Cr.App., 235 S.W.2d 157. The judgment is therefore not void and is not subject to attack in this collateral proceeding.

The cases of Ex parte East, 154 Tex.Cr. R. 123, 225 S.W.2d 833, Ex parte Traxler, 147 Tex.Cr.R. 661, 184 S.W.2d 286, and Edwards v. State, Tex.Cr.App., 219 S.W.2d 1022, cited by appellant, are not applicable.

Relator's punishment was assessed by the jury at a definite term of fifteen years. Art. 698 C.C.P. required the entry of a judgment upon that verdict.

The application for writ of habeas corpus is refused.

## ZEGLEN v. STATE.
### No. 26333.

Court of Criminal Appeals of Texas.
April 1, 1953.

No attorney on appeal, for appellant.

William H. Scott, Cr. Dist. Atty., and King C. Haynie, Asst. Cr. Dist. Atty., Houston, George P. Blackburn, State's Atty., of Austin, for the State.

BELCHER, Commissioner.

Appellant was convicted for the offense of murder without malice, and her punishment was assessed at five years confinement in the penitentiary.

The indictment and all matters of procedure appear to be regular. The record is before us without a statement of facts or bills of exception, in the absence of which nothing is presented for review.

The judgment of the trial court is affirmed.

Opinion approved by the Court.